Filed 2/7/25  In re J.J. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.J. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>M.J.,<br><br>    Defendant and Appellant. | F088343<br><br>(Super. Ct. Nos. JD145637-00, JD145638-00)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Margo A. Raison, County Counsel, and Elizabeth M. Giesick, Deputy County Counsel, for Plaintiff and Respondent.

---

[*]    Before Levy, Acting P. J., Peña, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

-ooOoo-

Appellant M.J. (mother) is the mother of the now seven-year-old Je.J. and five-year-old Ja.J. (collectively, the children), who are the subjects of this dependency case.  Mother appealed from the juvenile court's orders issued at a dispositional hearing on June 17, 2024, which resulted in the children being placed in foster care and family reunification services being ordered for the children's legal guardian, K.J. (guardian).  After reviewing the juvenile court record, mother's court-appointed counsel informed this court he could find no arguable issues to raise on mother's behalf.  This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Mother filed a letter brief alleging her counsel represented her poorly and she wanted to be provided family reunification services.  She does not, however, allege the juvenile court erred when it failed to provide her family reunification services.  We conclude mother failed to address the dispositional hearing or set forth a good cause showing that any arguable issue of reversible error arose from the disposition hearing. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)  Consequently, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The guardian, who is the children's paternal great-grandmother, obtained legal guardianship of the children in March 2020.  In July 2023, the guardian allowed the children to move from Utah to California in order to live with the parents.  Mother went to jail in November 2023, and the guardian moved into the home of the parents and children.  The guardian witnessed fighting between the parents, and she suspected substance abuse by father.  However, she allowed the parents to continue living with the children.

On March 7, 2024, the Kern County Department of Human Services (department) filed petitions alleging the children were described by Welfare and Institutions Code

2.

section 300, subdivision (b)(1).[1]  The petitions alleged the children were at substantial risk of suffering serious physical harm due to ongoing domestic violence and substance abuse by mother and the children's father, A.J. (father).  The petition further alleged the guardian failed to provide adequate shelter when she allowed the children to live in hazardous conditions with their parents.

Mother was present and appointed counsel at the initial detention hearing held on March 8, 2024.  The children were ordered detained at the continued detention hearing, and a combined jurisdiction and disposition hearing was set for May 7, 2024.

The department's jurisdiction report recommended the allegations in the petition be found true.  The disposition report recommended family reunification services be provided to the legal guardian.  Family reunification services for the parents were deemed inappropriate due to their ongoing substance abuse and domestic violence.  Supervised visits were recommended for the parents and children at twice per week for two hours.

The children were placed in a resource family home.  Mother was asked to enroll in counseling for substance abuse, parenting, and domestic violence.  A mental health assessment and random drug testing was also offered to mother.  Mother self-reported a significant period of sobriety, which resulted in her being denied substance abuse treatment.  Mother was enrolled in parenting classes, and she provided positive drug test results for amphetamines, methamphetamines, and benzodiazepines in March 2024 and April 2024.  In April 2024, mother told the social worker that she completed a mental health assessment, and she was being drug tested by her probation officer.

On May 7, 2024, both mother and father were present and represented by counsel for the initial jurisdiction and disposition hearing.  The juvenile court sustained the allegations in the petition after the parents and guardian knowingly waived their rights

---

[1]     All further statutory references are to the Welfare and Institutions Code.

3.

and submitted the matter to the court. The disposition hearing was continued to June 17, 2024, to allow additional inquiry into potential Native American ancestry.

At the continued disposition hearing held on June 17, 2024, mother, father, and the guardian were present and represented by counsel. Father was in custody during the hearing. The department's counsel submitted on its report and recommendation. Mother's counsel submitted the matter and explained that mother was "committed to the voluntary case plan she was given and does anticipate filing a motion for change of circumstances within the six-month period."

The juvenile court ordered the children removed from the guardian's physical custody, ordered the children to remain placed in foster care, and provided family reunification services to the guardian. Supervised visits were ordered between the parents and children at twice per week for two hours. A six-month review hearing was set for December 10, 2024.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

The claims set forth in mother's letter brief are that she was misrepresented by her counsel and wanted to receive family reunification services. Mother had an opportunity to challenge the department's recommendation to not provide her family reunification services at the disposition hearing. Failure to challenge the recommendation operates as a forfeiture, preventing the parent from raising the issue for the first time on appeal. (See *In re Casey D.* (1999) 70 Cal.App.4th 38, 54 [appellate court in a dependency proceeding normally may not consider an objection raised for the first time on appeal].) Such is the

case here. At no time did mother or her attorney inform the juvenile court that she was requesting custody or services pursuant to section 361.2.

Section 361.2, subdivision (a) reads in pertinent part: "If a court orders removal of a child pursuant to [s]ection 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of [s]ection 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child."

"If the court does not order the noncustodial parent to assume custody under section 361.2, that is, if the court determines that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child, the court then proceeds to section 361.5, which generally governs the grant or denial of family reunification services." (*In re Adrianna P.* (2008) 166 Cal.App.4th 44, 59.) It is the noncustodial parent's request for custody that triggers application of section 361.2; where the noncustodial parent makes no such request, the statute is not applicable. (*In re A.A.* (2012) 203 Cal.App.4th 597, 605.) Mother is now precluded from challenging the juvenile court's decision where she failed to present such a request below. Thus, we conclude mother fails to show good cause that the issue of reunification services merits additional briefing.

Next, mother also makes generalized statements suggesting that her court-appointed counsel did not provide adequate representation. To the extent mother attempts to raise a claim of ineffective assistance of counsel, it would fail. To prevail on a claim of ineffective assistance of counsel, a parent must establish "counsel failed to act in a manner to be expected of reasonably competent attorneys practicing in the field of juvenile dependency law" and the "claimed error was prejudicial." (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1667–1668.)

5.

There is no evidence her attorney was ineffective for failing to request custody or reunification services. Mother had already been provided assessments through a voluntary case plan prior to disposition, and she was participating in drug testing through probation. Her counsel expressed an intention to eventually file a petition based upon a change of circumstances during the reunification period. A satisfactory explanation exists for counsel's strategy because it would allow mother to continue making progress on her probation services. As she demonstrated continued sobriety on her own, she would be able to seek custody or services at a later stage of the proceedings.

Having reviewed mother's letter brief, we find mother has not made a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) Mother's letter brief furnishes no valid argument with supporting legal authorities for her purported claims of error. (See *In re Sade C.*, *supra*, 13 Cal.4th at p. 994 [parents must " 'present argument and authority on each point made' "].) Nor does mother show that these claims of error, assuming they were true, constitute a basis for reversing the underlying orders. Our review of the challenged orders confirms counsel's determination that no arguable issues exist.

In sum, mother has not raised any arguable issues stemming from the disposition hearing. Further, though we are not required to, we have reviewed the record as it relates to the disposition hearing, and we have found no arguable issues for briefing. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.) Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.